FILED

FEB 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50428 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00360-L-1 |
| v. | |
| DONNELL DELGADO, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted November 19, 2014
Pasadena, California

Before: W. FLETCHER and BYBEE, Circuit Judges, and SINGLETON, Senior
District Judge.[**]

Appellant Donnell Delgado, Jr. appeals the district court's denial of his

motion to dismiss an indictment for failure to register as a sex offender in violation

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

1

of the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), and 42 U.S.C. §§ 16911, 16913.  We review his appeal de novo, *United States v. Cabrera-Gutierrez*, 756 F.3d 1125, 1129 (9th Cir. 2014), and we affirm.

Delgado contends that subjecting him to the federal registration and reporting regime is "fundamentally unfair."  But his arguments reveal that his challenge is in fact a collateral attack on his underlying state sex offense conviction.

Unfortunately for Delgado, SORNA does not authorize such a collateral attack.  His argument to the contrary rests entirely on an analogy to a provision of the immigration code, 8 U.S.C. § 1326(d), which explicitly authorizes a non-citizen to collaterally attack a removal order that serves as the predicate for a subsequent criminal prosecution for illegal reentry.  SORNA does not contain similar language.  Nor does it imply that courts may hear collateral challenges to state sex offense convictions.  Instead, it has features similar to the laws examined in *Custis v. United States*, 511 U.S. 485 (1994), and *Lewis v. United States*, 445 U.S. 55 (1980), two cases in which the Supreme Court held that federal felon-in-possession statutes do not provide a statutory right to challenge prior convictions used to enhance sentences under those statutes.

The Constitution does not compel this court to entertain Delgado's challenge, either.  This case is not like *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), the decision that prompted Congress to add § 1326(d).  Unlike Mendoza-Lopez, who was unconstitutionally blocked from challenging in court the fundamental fairness of the proceeding that served as the predicate for his subsequent prosecution, Delgado did have access to judicial review of the conviction that is the predicate of his current prosecution.

At oral argument, Delgado's counsel also urged us to construe Delgado's claim more narrowly: Arizona has the power to criminalize Delgado's conduct, but Congress cannot attach such severe consequences to it.  As the government points out, Arizona has rendered Delgado a sex offender for the rest of his life, but SORNA only requires that Delgado register for 15 years.  Delgado has not persuaded us that this consequence  exceeds the bounds of the Due Process Clause or the Eighth Amendment.

Although this court cannot, at this time, relieve Delgado of the consequence of his failure to register pursuant to SORNA, he may seek relief in the Arizona state courts.

**AFFIRM.**